# Merchants Bank of Atlanta v. Moore.

*Petition by creditor in Pending Suit in Equity to have their Claims Preferred.*

1. *Preferred creditors; claims for work and material cannot be preferred.*—Unsecured claims for material and labor which contributed to the permanent improvement of the property of a private corporation, cannot have preference over other *bona fide* creditors of the corporation ; and where on a bill filed by creditors of a private business corporation a receiver has been appointed and all its assets have been delivered to him, the chancellor cannot, on petition filed in such suit by other creditors who contributed to the permanent improvement of the property by labor and materials, treat them as preferred creditors, and direct the receiver to pay their claims in full out of the funds of the corporation in his hands.

APPEAL from the Chancery Court of St. Clair.

Heard before the Hon. S. K. McSPADDEN.

On October 20, 1890, Montgomery, Dryer & Company filed a bill against the Empire Lumber Company, J. H. Porter, trustee, and R. A. Anderson. The bill was filed by the complainant as a creditor of the Empire Lumber Company, for itself and in behalf of all other creditors of said corporation who might come in and make themselves

parties to the cause ; and the Merchants Bank of Atlanta and others became parties to the suit. The object of the bill was to have a certain deed of trust, executed by the Empire Lumber Company to J. H. Porter, as trustee, declared null and void, on account of fraud. This deed of trust was made for the benefit of and to secure R. A. Anderson, who had indorsed certain papers and had become surety for the Empire Lumber Company to the Merchants Bank of Atlanta and other creditors of said company. The bill also asked for the appointment of a receiver. A receiver was duly appointed and qualified as prayed for in the bill.

The Empire Lumber Company was a manufacturing corporation, operating a large saw mill, plaining mill and preparing lumber for market. In the progress, of the cause, after the appointment of the receiver, the appellees, M. W. Moore and others, filed their petition, in which they alleged that they were laborers in the employ of the Empire Lumber Company at the time of the commencement of the original suit and the appointment of the receiver, and had been in its employ for months preceding ; and in this petition they asked to be allowed to come in and prove their claims as preferred creditors.  Demurrers were filed to this petition by the appellants, the Merchants Bank of Atlanta and others, setting up in substance that no state of facts were shown in the petition which entitled the petitioners to priority over the other creditors of the company, or that they were entitled to be paid in full out of the funds of the company; and motion was also made to dismiss the petition. This demurrer to the petition and the motion were overruled, and answers were subsequently filed. Thereupon a decree was rendered by the chancellor, ordering a reference to ascertain the amount due to the petitioners for labor performed by them for the Empire Lumber Company within the six months preceding the appointment of the receiver. This reference was held, and upon the coming in of the report of the register, the chancellor, by a decree rendered on May 12, 1883, confirmed the said report, and ordered that the claims of the petitioners be paid in full out of the funds in the hands of the receiver—the property of the company having been previously sold under a decree of the court. The Merchants Bank of Atlanta and other creditors of the Empire Lumber Company appeal from this decree, allowing the

claims of the petitioners, and assign the same as error.

CABANISS & WEAKLEY, INZER & MONTGOMERY and WARD & JOHN, for appellants.—The claims of the petitioners could not be treated as preferred claims. In the case of railroad companies, which are insolvent and when receivers are appointed to take charge of the property, it has some time been held that laborers' claims for six months next preceding the commencement of the suit were preferred claims. The chief reason for the rule in such cases is, that the railroad companies are *quasi* public corporations and because of the necessity of such an allowance.—*Nat. Bank of Philadelphia v. Shanandoah Iron Co.*, 35 Fed. Rep. 438; *Fosdick v. Schall*, 99 U. S. 254; *Beerman v. Bowen*, 111 U. S. 781. But the reason of such rule can not in any way apply to the present case.

C. C. WHITSON, *contra*.—1. When the whole matter is before the court in one suit the rights of all creditors may be properly ascertained and adjudicated in that proceeding.—*Talladega Mer. Co. v. Jenifer Iron Co.*, 14 So. Rep. 443; *Ex parte Printup*, 87 Ala. 148; *Thornton v. Il. A. & B. R. R. Co.*, 94 Ala. 358.

2. The claims of the petitioners were rightly allowed as preferred claims.—*Fosdick v. Schall*, 99 U.S.235; *Union Trust Co. v. Ill. Midl. R. R. Co.*, 117 U. S. 434; *Wiltenberger v. L., C. & W. S. R. R. Co.*, 106 U. S. 286; *Union Trust Co. v. Souther*, 107 U. S. 591, 595; *Wallace v. Loonis*, 97 U. S. 146; 20 Amer. & Eng. Encyc. of Law, pp. 417-435; *McIlhaney v. Binz*, 80 Texas 1; *Howe v. Harding*, 76 Texas 117; *Union Trust Co. v. Walker*, 107 U. S. 596; *Kneeland v. Bass Foundry & Machine Works*, 140 U. S. 592; *Williams v. Washington C. V. & N. R. R. Co.*, 33 Gratt (Va) 624; 2 Beach on Private Corporations, §§ 745-746; Beach on Receivers, §§ 388, 536.

It may be conceded that the exercise of this power by the courts, of the right to give unsecured claims priority of payment over established liens can only arise in extreme cases, and is a new principle grown up and established by judicial decisions and rendered necessary by new conditions that have arisen. Still it is very firmly established.—20 Amer. & Eng. Encyc. of Law, p 407 paragraph 9.

COLEMAN, J.—A decree of the court having been rendered upon a bill filed by complainants, by which a deed of trust executed by the Empire Lumber Company was declared a general assignment for the benefit of all its creditors, and a receiver appointed to take charge of all the assets, Moore and others filed their petition, praying to be allowed to come in and prove their claims as preferred creditors. The right to priority was based upon the averment, that the Empire Lumber Company was indebted to petitioners for labor and materials, which entered into the permanent improvement of the property assigned for the benefit of its creditors.

The court granted to petitioner the relief prayed for, and decreed that they should be first paid in full for such services and materials rendered and furnished within six months preceding the appointment of the receiver. The doctrine contended for by appellees, Moore and others, has never been applied by any court that we are aware of, in a case like that before us—certainly not in this State. There are decisions by the Supreme Court of the United States, and it may be firmly established in that court, where this rule was declared and enforced, in favor of wages, labor, supplies and materials furnished to railroads after they were placed in the hands of a receiver.—*Fosdick v. Schall*, 99 U. S. 235 ; *Trust Co. v. Souther*, 107 U. S. 594 ; *Burnham v. Bowen*, 111 U. S. 777. The principle thus far seems to have been limited to railroads and placed upon two main grounds : 1st, that railroads are *quasi* public corporations ; and, 2d, that he who seeks the aid of a court of equity must be willing to do equity.—20 Am. & Eng. Encyc of Law, p. 417. Within the second head is embraced the general equity rule, that no man should acquire the benefit of another's service or property without compensation, and as the mortgaged property has been enhanced by the services and materials of another, it is but equity that the mortgagee be required to do equity by paying for it. This doctrine followed to its legitimate end, it seems, would demonstrate the uselessness of statutory enactments to give laborers, mechanics and material-men prior liens, and other kindred statutes. The necessities of the present case do not require a discussion of the principle, and we content ourselves with the following extract from the case of *Kneeland v. American Loan & Trust Company*, 136 U. S. 89 :

''Upon these facts we remark, first that the appointment of a receiver vests in the court no absolute control over the property, and no general authority to displace vested contract liens. Because in a few specified and limited cases this court has declared that unsecured claims were entitled to priority over mortgage debts, an idea seems to have obtained that a court appointing a receiver acquires power to give such preference to any general and unsecured claims. It has been assumed that a court appointing a receiver could rightfully burden the mortgaged property for the payment of any unsecured indebtedness. Indeed, we are advised that some courts have made the appointment of a receiver conditional upon the payment of all unsecured indebtedness in preference to the mortgage liens sought to be enforced. Can anything be conceived which more thoroughly destroys the sacredness of contract obligations? One holding a mortgage debt upon a railroad has the same right to demand and expect of the court respect for his vested and contracted priority as the holder of a mortgage on a farm or lot. So, when a court appoints a receiver of railroad property, it has no right to make that receivership conditional on the payment of other than those few unsecured claims which, by the rulings of this court, have been declared to have an equitable priority. No one is bound to sell to a railroad company or to work for it, and whoever has dealing with a company whose property is mortgaged must be assumed to have dealt with it on the faith of its personal responsibility, and not in expectation of subsequently displacing the priority of mortgage liens. It is the exception and not the rule that such priority of liens can be displaced. We emphasize this fact of the sacredness of contract liens, for the reason that there seems to be growing an idea, that the chancellor, in the exercise of his equitable powers, has unlimited discretion in this matter of the displacement of vested liens.'' See also *St. Louis, A. & T. H. R. R. Co. v. C. C. C. & I. R. Co.*, 125 U. S. 658.

The Empire Lumber Company was not continued as a business concern. It was not a railroad, and possessed none of the elements or interests of a public, or *quasi* public corporation. It was a strictly private business concern, organized and carried on for the purpose of making money for its owners and stockholders.

No court that we are aware of has ever held that the rule applied in such a case as the present, and we are quite sure, that a proper regard for the sanctity of contracts, and just observance of the distinguishing line between the judicial and legislative departments, will not permit the rule to be extended by courts to any other than the specified and limited cases.

Reversed and remanded.